NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0570n.06

No. 09-6332

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

KENT P. GILLEY,

    Defendant-Appellant.

**FILED**

***Aug 15, 2011***

LEONARD GREEN, Clerk

On Appeal from the United
States District Court for the
Eastern District of Tennessee
at Chattanooga

---

**Before:**    **GUY, COOK, and STRANCH, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.**    Defendant Kent P. Gilley pleaded guilty to receipt of child pornography. Gilley appeals asserting that his within-Guidelines sentence of 125 months' incarceration, followed by a lifetime of supervised release, is unreasonable. Because we find the district court did not abuse its discretion and that the sentence imposed is reasonable, we affirm.

**I**.

    While at work in his position as a hospital police officer on dates in April and December 2008, Gilley accessed and downloaded numerous images of child pornography. Gilley was indicted on six counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), for the receipt of six specifically identified photos. Gilley was

also indicted on one count of possession of child pornography, in violation of 18 U.S.C. §

2252A(a)(5)(B) and (b)(2).

Gilley pleaded guilty, without a plea agreement, to Count One. The district court held

a sentencing hearing in October 2009. Gilley's base offense level, as set forth in the Pre-

Sentence Report (PSR), was 22. The PSR calculations included two upward adjustments

because the pornography involved a prepubescent minor and sadistic/masochistic conduct.

The PSR included additional upward adjustments for (1) accessing the pornography on a

computer; (2) receiving between 150 and 300 images; (3) abusing a position of trust, that of

a police officer; and (4) obstruction of justice.[1]  *See* U.S.S.G. §§ 2G2.2(b)(6), (b)(7)(B),

3B1.3, 3C1.1. No adjustment was made for acceptance of responsibility. The adjustments

resulted in a new offense level of 37.

At sentencing, Gilley made three objections to the Guidelines calculation and  moved

for a sentence below the Guidelines range of 210 to 240 months. Gilley's first objection,

made to the adjustment for obstruction of justice, was granted by the district court because

the district court found that "reasonable minds could differ on whether [Gilley's statements]

constitute[d] an obstruction of justice." This brought Gilley's offense level to an adjusted

total of 35. His objection to the denial of any reduction for acceptance of responsibility was

also granted by the district court, resulting in a new total of 33. Gilley also objected to the

two-level enhancement for abuse of his position as a hospital police officer. The district

---

[1]The PSR's obstruction of justice adjustment was based on a reported threat Gilley made to his mother. Gilley was reported to have threatened his mother with death after she told Gilley she knew that Gilley's wife had committed perjury when she testified at Gilley's detention hearing.

court granted this objection as well, finding that Gilley's position at the hospital did not necessarily facilitate Gilley's crime, as he could have accessed the same pornographic content on a home or personal computer. The district court then reduced Gilley's total offense level to 31. The district court denied Gilley's motion for a below-Guidelines sentence, stating on the record that a sentence within the adjusted Guidelines range of 108 to 135 months was necessary to meet 18 U.S.C. § 3553(a)'s sentencing objectives.[2]

The district court sentenced Gilley to 125 months of incarceration followed by lifetime supervised release. When the trial judge asked if either party had any objections not previously raised, the defense said it did not. Gilley then filed this appeal, in which he asserts both the incarceration and supervised release provisions of the sentence are unreasonable.

**II**.

We review sentences for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Generally, we first consider whether the district court committed any significant procedural errors, determining whether the district court (1) properly calculated the Guidelines range; (2) considered the § 3553(a) factors and the parties' arguments; and (3) adequately explained why it selected the particular sentence. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007).

Once we have determined that no procedural issues exist, we review for substantive reasonableness. Under this review, we consider the sentence under the totality of the

---

[2]Gilley based his request on his "unblemished record" and his assertion that his status as a convicted sexual offender, being a former police officer, would cause him special hardships in prison.

circumstances, including the extent of any variance from the Guidelines range. *Gall*, 552 U.S. at 51. "A sentence is substantively unreasonable if the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). Sentences within properly calculated Guidelines ranges, such as the sentence in this case, are entitled to a rebuttable presumption of reasonableness. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

In this case, Gilley makes no argument concerning any significant procedural error, and we are aware of none. His first claim is that his sentence of incarceration was substantively unreasonable under the circumstances of the case. His supporting argument, however, is only that the sentence imposed by the district court "is greater than necessary to achieve the goals of § 3553(a)." Gilley points out that his offense is subject to a mandatory minimum sentence of 60 months under 18 U.S.C. § 2252A(b)(1). He suggests that is the correct sentence in his case.

A review of the sentencing proceeding conducted by the district court convinces us that the trial judge properly considered the circumstances of Gilley's case. The court conducted a thorough proceeding, which reflected consideration of the arguments presented by the government and the defense. The trial judge also engaged in discourse with Gilley himself. After considering Gilley's background as well as the circumstances of the offense, the trial judge indicated that he felt the sentence provided "just punishment," as well as

appropriate deterrence. The judge considered protection of the public in its imposition of permanent supervised release, as well as Gilley's rehabilitation in its recommendation of sex offender treatment during incarceration. The court neither selected the sentence arbitrarily nor misapplied or failed to apply relevant sentencing factors, and committed no abuse of discretion in imposing this within-Guidelines sentence.

Gilley's remaining claim on appeal addresses the district court's imposition of lifetime supervised release. As we discussed in *United States v. Kennedy*, 499 F.3d 547 (6th Cir. 2007), the district court was expressly authorized to subject Gilley to lifetime supervised release under 18 U.S.C. § 3583(k). Gilley himself acknowledges that the applicable policy statement following U.S.S.G. § 5D1.2(b) recommends lifetime supervision for sex offenders, but asserts that he should not be subject to a "blanket" determination because of his unique personal characteristics. He simply asserts that his circumstances show that he is not among offenders who present a "clear danger" to children or may recidivate. However, this court has previously held that, while "a district court *may* disagree with a Guideline for policy reasons . . . [, it] does not mean that the court *must* disagree with that Guideline or that it *must* reject the Guidelines range if it disagrees." *United States v. Brooks*, 628 F.3d 791, 800 (6th Cir.), *cert. denied*, __ S. Ct. __, 2011 WL 2011582 (2011).

Gilley has not overcome the presumption of reasonableness that applies to this term of his within-guidelines sentence. At sentencing, the trial judge referred to the seriousness of child pornography offenses and his determination that a lifetime of supervised release

would be required to "protect the public from further crimes by [Gilley]." Gilley's protestations to the contrary do not demonstrate an abuse of discretion by the district court.

The district court is **AFFIRMED**.

**JANE B. STRANCH, Circuit Judge, concurring.**  I concur with the lead opinion, including its determination that the district court did not abuse its discretion in selecting a lifetime term for supervised release.  I also note the horrific nature of crimes that involve child pornography and the damage such crimes inflict on children and our entire society.  However, I write separately to address the issues raised concerning lifetime supervised release.  Our sister circuits and commentators have echoed Gilley's arguments regarding the blanket nature of the policy statement in U.S.S.G. § 5D1.2(b) recommending lifetime supervised release for all sex offenses.  *See, e.g.*, *United States v. Apodaca*, 641 F.3d 1077, 1083-84 (9th Cir. 2011) (citing cases from other circuits); Douglas A Morris, "FYI: Supervised Release and How the PROTECT Act Changed Supervised Release," 18 Fed. Sent. R. 182, (2006).  I also note the troubling fact that this policy statement lacks the type of empirical evidence that normally supports such policies.  *See, e.g.*, Troy Stabenow, Deconstructing the Myth of Careful Study:  A Primer on the Flawed Progression of the Child Pornography Guidelines (Jan. 1, 2009), *available at* http://www.fd.org/pdf_lib/child%20por%20july%20revision.pdf.  While district courts may take these issues into account in sentencing, the lack of systematic analysis of and empirical support for the policy statement's blanket recommendation of lifetime supervised release is an issue more properly resolved by the Sentencing Commission.