**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0003n.06

No. 10-3366

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| MALCOLM ROSS, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**FILED**

*Jan 04, 2012*

LEONARD GREEN, Clerk

BEFORE:  SILER and GRIFFIN, Circuit Judges; and TARNOW, District Judge.[*]

PER CURIAM.

Malcolm Ross appeals the district court's judgment of conviction and sentence.  The government moves to dismiss his appeal based on an appellate-waiver provision in Ross's plea agreement.

Ross pleaded guilty to conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The district court determined that his base offense level was 24. The court subtracted two levels for acceptance of responsibility and two levels under the safety valve provision in U.S.S.G. § 5C1.2, resulting in a total offense level of 20.  Based on the total offense level of 20 and a criminal history category of I, the court determined that Ross's guidelines range of

---

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

imprisonment was 33 to 41 months. The court imposed a four-level upward variance, however, and sentenced Ross to 63 months in prison.

The parties disagree as to whether the 63-month sentence exceeds "the maximum of the guideline range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations" in Ross's plea agreement, and thus falls outside the scope of the agreement's appellate-waiver provision. We need not decide that issue, however, because Ross's appeal is readily resolved on the merits.

On appeal, Ross argues that his sentence was both procedurally and substantively unreasonable. "A district court's sentencing determination is reviewed under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component." *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009) (citation and internal quotation marks omitted). To determine whether a sentence is procedurally reasonable, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). "For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (citation and internal quotation marks omitted). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider

pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Id.* at 510 (citation and internal quotation marks and alterations omitted).

Ross first argues that the upward variance rendered his sentence procedurally unreasonable for two reasons: (1) the district court improperly based the variance on his false representations that he had no prior convictions and that he never used an alias, which the court had found insufficient to warrant an offense level enhancement under the guidelines; and (2) the court failed to adequately explain its justification for imposing the variance using the factors set forth in § 3553(a). Ross further argues that the extent of the variance rendered his sentence substantively unreasonable because it resulted from the district court's application of an unreasonable amount of weight to his false representations, which had no material impact on his case.

The district court did not err by considering Ross's false representations as a basis for an upward variance, despite the fact that they did not result in an increased offense level under the guidelines. *See United States v. Tristan-Madrigal*, 601 F.3d 629, 635 (6th Cir. 2010) (holding that it is not abuse of discretion to impose an upward variance based on factors that would not justify an upward departure from the guidelines). Further, the district court adequately explained that its decision to vary upward was based on Ross's repeated false representations, which were relevant when considering the history and characteristics of defendant and the need to promote respect for the law. *See* 18 U.S.C. § 3553(a)(1), (2)(A). Finally, the extent of the variance did not render Ross's sentence substantively unreasonable given his repeated false representations to Pretrial Services, the Probation Office, and the magistrate judge.

Ross also argues that his sentence was rendered procedurally and substantively unreasonable by the district court's failure to properly consider both the sentencing disparity between offenses involving crack and powder cocaine and the sentencing disparity resulting from the use of different crack-to-powder ratios in cases involving crack cocaine. The district court considered the parties' arguments concerning the appropriate crack-to-powder ratio, acknowledged its discretion to deviate downward from the guidelines, and explicitly stated that it had no policy disagreement with the guidelines ratio and that a deviation was unwarranted under the circumstances of Ross's case. The district court's decision to accept the ratio utilized in the guidelines did not render Ross's sentence unreasonable. *See United States v. Brooks*, 628 F.3d 791, 800 (6th Cir.), *cert. denied*, 131 S. Ct. 3077 (2011).

Accordingly, we affirm the district court's judgment and deny as moot the government's motion to dismiss.