NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0033n.06

No. 10-3973

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Jan 10, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| JONATHAN LEIGH PHILLIPS, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, GIBBONS, and McKEAGUE, Circuit Judges.

**PER CURIAM.** Jonathan Leigh Phillips appeals the sentence imposed by the district court following his guilty plea to receiving or distributing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), receiving or distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court adopted the offense level calculations in the presentence report, which determined that Phillips's total offense level was 37 and that his criminal history category was IV. The court determined that Phillips's guidelines range of imprisonment was 292 to 365 months, but that he was subject to a statutory maximum sentence of 240 months. The court sentenced Phillips to an effective term of 160 months in prison.

On appeal, Phillips argues that the sentence was procedurally and substantively unreasonable for several reasons: (1) the district court erroneously concluded that the child pornography sentencing guidelines were based on empirical data and the Sentencing Commission's own expertise

rather than congressional directives; (2) the court improperly deferred to the child pornography guidelines, which are inherently flawed; and (3) the court failed to properly consider his risk of recidivism.

We review sentences for both procedural and substantive reasonableness using an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). To determine whether a sentence is procedurally reasonable, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* "For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotation marks omitted). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Id.* at 510 (internal quotation marks and alterations omitted). We apply a rebuttable presumption of reasonableness to a within-guidelines sentence, *see United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc), and a defendant's burden to demonstrate that a below-guidelines sentence was unreasonable is even more demanding. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

The district court's below-guidelines sentence was not unreasonable. Phillips has not shown that the court relied on any significant factual inaccuracy concerning the history of the child pornography guidelines by adopting the discussion set forth in *United States v. Cunningham*, 680

F. Supp. 2d 844, 849-51 (N.D. Ohio 2010). Further, although the district court had discretion to disagree with the child pornography guidelines for policy reasons and to reject the guidelines range because of that disagreement, it was not required to do so. *See United States v. Brooks*, 628 F.3d 791, 799-800 (6th Cir.), *cert. denied*, 131 S. Ct. 3077 (2011). Finally, the district court gave proper consideration to Phillips's risk of recidivism by weighing the conclusions in the psychological evaluation with the difficulty of predicting future behavior and Phillips's long history of viewing child pornography.

Accordingly, we affirm the district court's sentence.