**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  12a0191n.06

No.  11-5144

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| BERNARD SHAW, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |

**FILED**

*Feb 16, 2012*

LEONARD GREEN, Clerk

Before:  MARTIN and McKEAGUE, Circuit Judges; CALDWELL, District Judge.[*]

PER CURIAM.  Bernard Shaw pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), to carjacking in violation of 18 U.S.C. § 2119, and to using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Shaw now challenges his sentence as being both procedurally and substantively unreasonable.

The district court adopted the United States Probation Office's calculations in its amended presentence report without objections from either party.  Shaw's total offense level under the United States Sentencing Guidelines for the § 922(g) and § 2119 offenses was twenty-four, with a his criminal history category of V, yielding an advisory guideline range of ninety-two to 115 months of imprisonment.  The § 924(c) offense carried a mandated consecutive sentence of seven years of imprisonment.  Shaw requested a sentence at the bottom of the guideline range, noting that he had

---

[*]The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

serious substance abuse and mental health problems. He also emphasized that he had a non-violent criminal history.

The district court, after reviewing the statutory sentencing factors of 18 U.S.C. § 3553(a), the details of the offenses, Shaw's background, and his criminal history, imposed a sentence of 105 months of imprisonment for the § 922(g) and § 2119 counts, eighty-four months of imprisonment for the § 924(c) count, resulting in a total of 189 months of imprisonment. This appeal followed.

We review sentences for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. If no procedural error occurred, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id*. A sentence may be substantively unreasonable "if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir.), *cert. denied*, 131 S. Ct. 3077 (2011). When a sentence falls within the applicable guideline range, we afford it a rebuttable presumption of substantive reasonableness. *Id.*

Shaw argues that his sentence is procedurally unreasonable because the district court erroneously found that his criminal history had "escalated" over time. According to Shaw, his criminal history had actually de-escalated because, until the carjacking, his most recent offenses were non-violent crimes such as forgery, identity theft, and shoplifting. Because Shaw did not raise this issue after having been given the opportunity to do so by the district court, the issue is reviewed for plain error. *See id.* at 796-97; *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004).

Upon review, we find no error, plain or otherwise. The district court accurately summarized Shaw's criminal history and recognized that his prior offenses did not involve a level of violence comparable to the instant carjacking offense. Accordingly, there is no indication that the district court relied on an erroneous factual finding in selecting its sentence.

Shaw also argues that this error rendered his sentence substantively unreasonable because the error caused the district court to place too much weight on his criminal history. This argument is unavailing. As Shaw acknowledges, the district court recognized that he did not have a history of violent offenses, and that the most likely explanation for the instant offense was his recent substance abuse. The district court recognized, however, that the offense was extremely serious, and its sentencing explanation neither failed to take into account any of the § 3553(a) factors, nor placed too much weight on any particular factor or factors. Under these circumstances, Shaw cannot overcome the presumption that his sentence is substantively reasonable.

For these reasons, we affirm the district court's judgment.