NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0247n.06

No. 10-6357

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Mar 02, 2012

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,            )
                                     )
        Plaintiff-Appellee,          )
                                     )        ON APPEAL FROM THE UNITED
v.                                   )        STATES DISTRICT COURT FOR
                                     )        THE WESTERN DISTRICT OF
RONALD W.G. HESSA,                   )        KENTUCKY
                                     )
        Defendant-Appellant.         )

Before:  KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM.  Ronald W.G. Hessa, who is represented by counsel, appeals his twenty-one month sentence for using counterfeit access devices with the intent to defraud in violation of 18 U.S.C. § 1029(a)(1).

Hessa was indicted on April 6, 2009, for buying replica sports jerseys from thrift stores, creating counterfeit UPC bar codes and receipts, and using them to return the jerseys at J.C. Penney stores around the United States.  He pleaded guilty to five specific fraudulent returns, but admitted for the purposes of his plea that he had returned hundreds of items using this method in numerous states.  His presentence report calculated a criminal history category of II, and a total offense level of thirteen.  The report found a base offense level of six under USSG § 2B1.1(a)(2); an eight-level enhancement for a loss of $110,851.86 under USSG § 2B1.1(b)(1)(E); a two-level enhancement for producing authentication features under USSG § 2B1.1(b)(10)(B)(ii); and a three-level reduction for acceptance of responsibility under USSG § 3E1.1.

The district court adopted the report, but also found, over Hessa's objection, that a two-level enhancement for relocation of a fraudulent scheme to evade law enforcement was applicable under USSG § 2B1.1(b)(9)(A)[1]. With this two-level enhancement, Hessa's total offense level became fifteen, resulting in an advisory sentencing guidelines range of twenty-one to twenty-seven months of imprisonment. The district court sentenced Hessa to concurrent terms of twenty-one months of imprisonment on each of the five counts. Hessa was also sentenced to two years of supervised release. The district court imposed a $500 special assessment and ordered restitution of $75,000.

Hessa argues on appeal that: 1) the district court erred by increasing his offense score by two levels for either the relocation enhancement or the sophisticated means enhancement; and 2) the application of the enhancements for both the sophisticated means and the production of an authentic feature enhancement constituted impermissible double-counting.

We review sentences for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. If no procedural error occurred, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* A sentence may be substantively unreasonable "if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir.), *cert.*

[1]This provision is now located at USSG § 2B1.1(b)(10)(A).

*denied*, 131 S. Ct. 3077 (2011). When a sentence falls within the applicable guideline range, we afford it a rebuttable presumption of substantive reasonableness. *Id.*

Our review of the record establishes that the district court did not apply the sophisticated means enhancement, but rather the relocation enhancement. Although the district court mentioned the sophisticated means enhancement during the sentencing hearing, the court actually applied the relocation enhancement.

The application of the relocation enhancement was not procedurally unreasonable. This enhancement applies when "the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials." USSG § 2B1.1(b)(9)(A). Hessa argues that the record does not demonstrate that he had any purpose of evading law enforcement, and that he was instead simply going to different stores as a "method of operation." The district court nevertheless found that Hessa was moving from state to state to avoid law enforcement. Given that Hessa did not otherwise explain why he was traveling from location to location, the district court's finding that the travel was "in large part for the purpose of evading" and "more likely a relocation for the purpose, in this case, of evading" was not clearly erroneous.

Further, Hessa's actions fall within the plain language of the enhancement. He admitted that he traveled to numerous states making fraudulent returns at J.C. Penney stores. The logical explanation for Hessa's interstate travel is that he traveled between multiple stores to avoid detection by J.C. Penny. Thus, Hessa was trying to "relocate[] . . . a fraudulent scheme . . . to evade law enforcement or regulatory officials." USSG § 2B1.1(b)(9)(A). Therefore, the district court did not err in applying the relocation enhancement.

Finally, Hessa argues that the district court impermissibly double counted his guidelines score by using both the sophisticated means and counterfeit access device enhancements. However, because the district court did not apply the sophisticated means enhancement, this claim is without merit.

The district court's judgment is affirmed.