NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0542n.06

No. 11-5602

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 25, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| LUIS MENDEZ-PEREZ, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and DAUGHTREY, Circuit Judges; MALONEY, Chief District Judge.[*]

PER CURIAM. Luis Mendez-Perez, a federal prisoner represented by counsel, appeals a district court judgment following his guilty plea to illegal reentry into the United States as a previously deported alien subsequent to a felony conviction, in violation of 8 U.S.C. § 1326.

Mendez-Perez's presentence report calculated his advisory sentencing guidelines range to be fifteen to twenty-one months of imprisonment. However, the report noted that there were factors that would justify a variance from this range. At the sentencing hearing, the district court noted that Mendez-Perez had illegally reentered this country twelve times and had several drunk- driving convictions, indicating that he posed a danger to the public. The court also found that Mendez-Perez was dangerous because of his previous involvement in alien smuggling. The district court decided to vary upward from the top of the guidelines range one month for each of the twelve times that Mendez-Perez had illegally reentered the country. Therefore, the court imposed a sentence of thirty-

_____

[*]The Honorable Paul L. Maloney, Chief United States District Judge for the Western District of Michigan, sitting by designation.

three months of imprisonment. The district court inquired whether there were any objections, and Mendez-Perez's attorney stated that there were none.

On appeal, with a new attorney, Mendez-Perez objects to the upward variance. He notes that he had already received a four-level enhancement to his offense level due to his previous deportation.

Because Mendez-Perez failed to raise his objection after being invited to do so by the district court, his sentence is reviewed for plain error. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). To the extent that he argues his sentence is substantively unreasonable, we review the district court's decision for an abuse of discretion. *United States v. Brooks*, 628 F.3d 791, 797 (6th Cir.), *cert. denied*, 131 S. Ct. 3077 (2011). No plain error or abuse of discretion are apparent in this case.

Although Mendez-Perez received an enhancement to his offense level for a previous deportation, the district court properly considered the fact that Mendez-Perez had actually illegally reentered the United States twelve times. The district court also properly considered the danger to the public caused by Mendez-Perez's numerous convictions for driving under the influence and for his involvement in alien smuggling. We have previously upheld upward variances in cases based on the number of prior removals from this country and the risk to the public demonstrated by prior convictions, including drunk-driving offenses. *United States v. Tristan-Madrigal*, 601 F.3d 629, 634-35 (6th Cir. 2010). Finally, Mendez-Perez has not demonstrated that a different sentence was required in his case. *See United States v. Brown*, 579 F.3d 672, 687 (6th Cir. 2009).

The district court's judgment is affirmed.