NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0464n.06

No. 12-5950

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 09, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| EBODIO CISNEROS-LOPEZ, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  McKEAGUE and DONALD, Circuit Judges; LAWSON, District Judge.[*]

PER CURIAM.  Ebodio Cisneros-Lopez appeals through counsel the thirty-month sentence imposed following his guilty plea to a charge of illegal reentry of a deported alien.

At the sentencing hearing in this case, the district court adopted the presentence report calculating Cisneros-Lopez's guidelines range at 24 to 30 months.  The district court noted that Cisneros-Lopez had a lengthy and violent criminal history and asked counsel specifically to address that issue in their argument.  Cisneros-Lopez's counsel responded by addressing "what I believe the court is concerned with," which was a charge of kidnapping of which Cisneros-Lopez had been acquitted, while being convicted of interstate transport of a stolen vehicle.  The district court agreed that the facts related to that charge were "fairly disturbing."  The sentence ultimately imposed was

_____

[*]The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

at the top of the guidelines range. The district court noted that a greater sentence might be necessary for protection of the public, but that the government had not requested it.

On appeal, Cisneros-Lopez argues that his sentence is substantively unreasonable because the district court placed undue weight on the kidnapping charge of which he was acquitted fifteen years earlier.

We review a sentence in a criminal case for reasonableness under an abuse-of-discretion standard. *See United States v. Brooks*, 628 F.3d 791, 797 (6th Cir.), *cert. denied,* 131 S. Ct. 3077 (2011). A sentence within the guidelines range is presumptively reasonable. *United States v. Simmons*, 587 F.3d 348, 365 (6th Cir. 2009).

Cisneros-Lopez's argument that the district court gave undue weight to the kidnapping charge of which he was acquitted is not supported by the sentencing transcript. It was defense counsel who highlighted this incident. The presentence report shows that Cisneros-Lopez did have a lengthy and violent criminal history, as the district court stated. He had two convictions for assault and two convictions for domestic assault, and charges of rape and kidnapping that were dismissed because the victim would not testify, as well as the acquittal for kidnapping which he references. The risk to the public noted by the district court therefore was amply demonstrated by Cisneros-Lopez's prior record. *See United States v. Tristan-Madrigal*, 601 F.3d 629, 634-35 (6th Cir. 2010).

The possibility that Cisneros-Lopez could have received a lower sentence does not establish an abuse of discretion. *United States v. Smith*, 516 F.3d 473, 478 (6th Cir. 2008). Nothing presented on appeal overcomes the presumptive reasonableness of Cisneros-Lopez's within-guidelines sentence. The district court's judgment therefore is affirmed.