NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0293n.06

No. 21-2947

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 20, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| MICHAEL JUSTIN HALL, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Michael Hall is a career sex offender who possessed and shared multiple photos and videos of child sexual abuse only seven months after his most recent parole concluded. The district court sentenced Hall to a bottom-of-Guidelines sentence of 324 months' imprisonment, which Hall now argues was unreasonable. We disagree and affirm.

Hall has a long history of sexual violence towards children. We need not recount it here. Relevant today are Hall's actions in January 2020. Then, only seven months after his most recent release from parole, Hall joined a group chat on Kik Messenger designed for sharing videos and images of children being abused. He both sought out child pornography and shared videos of child sexual abuse. And he boasted of committing various sex acts on children.

When federal agents learned of Hall's conduct, they seized his phone. A search revealed three images and four videos of child pornography, including videos showing children being raped

and performing sex acts on one another. Hall acquired these images and videos during the span of only one week.

A grand jury indicted Hall on two counts of sexually explicit conduct under 18 U.S.C. § 2252(a)(2) and one count of possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). Hall pleaded guilty. The presentence report (PSR) calculated a Guidelines range of 324–405 months in prison. Hall did not object.

The district court sentenced Hall at the bottom of his Guidelines range, 324 months. The court noted that it "extensively consider[ed]" the relevant sentencing factors and the Guidelines. And it noted Hall's status as an "extraordinarily serious offender" who has committed acts of "sadistic [], almost inhuman cruelty" towards children, including rape and incest. By contrast, Hall asked for a downward variance, but the court determined that a below-Guidelines sentence would not "serve the purpose of sentencing." So Hall appealed.

We review a sentence for both procedural and substantive reasonableness. *United States v. Bailey*, 27 F.4th 1210, 1214 (6th Cir. 2022). And our standard is abuse of discretion, which by definition is "deferential." *Gall v. United States*, 552 U.S. 38, 52 (2007). So Hall faces an uphill climb.

Starting with the procedural reasonableness of Hall's sentence, we look to whether the district court properly calculated the Guidelines range, treated said range as advisory, considered the relevant sentencing factors from 18 U.S.C. § 3553(a), did not consider impermissible factors or use clearly erroneous facts, and adequately explained its reasons for choosing the sentence that it did. *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall*, 552 U.S. at 51).

As best we can tell, Hall's chief procedural complaint is that the district court used an impermissible sentencing factor in calculating his sentence. To show this, he notes that the court

mentioned how an "outside observer" might react to Hall's sentence. But our review of the transcript reveals no defect. Rather, the court sought to avoid a sentence that was either too harsh or too light to effect the goal of "just punishment" explained in § 3553(a). Indeed, in the same sentence, the court spoke of considering "all of the 3553(a) factors[.]" And in our view, it did just that. It considered the necessary factors, Hall's relevant history, and arguments from both Hall and his counsel. On that basis, the district court arrived at a bottom-of-Guidelines sentence. And it articulated its reasons for doing so as it went. We find no abuse of discretion here.

We next consider the substantive reasonableness of Hall's sentence. A sentence can be substantively unreasonable if the trial court arbitrarily chooses a sentence, bases it on impermissible factors, or unreasonably weighs the pertinent factors. *United States v. Bass*, 785 F.3d 1043, 1052 (6th Cir. 2015). But we presume that sentences within the Guidelines range, like this one, are reasonable. *See United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007).

Hall proffers no persuasive evidence that his sentence is substantively unreasonable. He spends much of his brief arguing against the district court's use of (and the existence of) the child pornography sentencing guidelines on public policy grounds. Yet we have rejected that argument many times. *See United States v. Bistline*, 665 F.3d 758, 764 (6th Cir. 2010); *see also United States v. Pfister*, 806 F. App'x 467, 468 (6th Cir. 2020). To be sure, a district court can choose to reject the Guidelines range for these reasons, but nothing in our caselaw suggests that it *must* do so. *See United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011). Hall also recasts his earlier impermissible-factor argument here. It was unavailing before, and unavailing it remains. Simply put, the district court did not abuse its discretion when it issued Hall a presumptively reasonable, bottom-of-Guidelines sentence. Hall's other arguments lack merit. We affirm.