NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0132n.06

No. 23-5100

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 19, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| CARLOS TERRELL, | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: KETHLEDGE, READLER, and BLOOMEKATZ, Circuit Judges.

KETHLEDGE, Circuit Judge. Carlos Terrell pled guilty to one count of being a felon in possession of a firearm. He now argues that his within-guidelines sentence was substantively unreasonable. We reject his arguments and affirm.

On May 9, 2013, Terrell shot a man in the leg in Tennessee. Later that same day, Terrell was arrested in Georgia for possessing cocaine and a set of scales. He thereafter pled guilty to felony charges resulting from those events. In 2013, a Georgia state court sentenced him to seven years' imprisonment for possession of cocaine with intent to distribute. In 2014, a Tennessee state court sentenced him to eight years' imprisonment for aggravated assault. Terrell served both sentences and was released in February 2020.

On February 25, 2021, a man fired a .45 caliber handgun across a playground containing several children and adults at the College Hill Courts apartments ("College Hill") in Chattanooga, Tennessee. Based on witness interviews and surveillance camera footage, investigators identified

Terrell as the shooter. About a week later, a woman reported that Terrell had waved a gun at her at a store in Chattanooga. She told police that "the week prior," Terrell had also "shot at her brother in broad daylight" at an apartment complex. That same day, police responded to a report of Terrell trespassing at College Hill. (Terrell had been banned from College Hill and every other Chattanooga Housing Authority property since 2004, after he was placed on a no-trespass list.) Officers found Terrell in an apartment unit there and arrested him for aggravated assault associated with the gun-waving incident. After searching the apartment, they also found hidden in a closet a loaded .45 caliber pistol belonging to Terrell. Terrell said he had purchased the gun two days before, but police determined that the same gun had been used in the February shooting.

Terrell thereafter pled guilty to a single count of being a felon in possession of a firearm— namely, the .45 caliber pistol—in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court calculated Terrell's guidelines range to be 70 to 87 months. That calculation included Terrell's separate convictions and sentences for his two felonies committed on May 9, 2013. *See* U.S.S.G. §§ 2K2.1(a)(2), 4A1.1(c). That range did not account for the February 2021 shooting or the March 2021 gun-waving assault, however, because the government did not provide sufficient proof of those instances at sentencing. (Among other things, the victim of the assault failed to appear at the sentencing hearing.) Terrell agreed that his guidelines range was correct, but asked for a below-guidelines sentence. The court refused, noting that Terrell had 31 criminal convictions, 19 of which incurred no criminal history points. The court sentenced him to 72 months' imprisonment.

Terrell now challenges the substantive reasonableness of his sentence, which we review for an abuse of discretion. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). A sentence is substantively unreasonable when the district court puts "too much weight" on some § 3553(a)

factors and "too little on others." *Id.* We presume that Terrell's within-guidelines sentence is reasonable. *United States v. Graham*, 622 F.3d 445, 464 (6th Cir. 2010).

Terrell first argues that his guidelines range overstated the severity of his criminal history, because the court counted separately the two prior felonies committed on the same day. Of course, a district court has no obligation to reject a properly calculated guidelines range and vary downwards based on a defendant's disagreement with guidelines policies. *United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011). Here, the court acknowledged Terrell's double-counting argument, but pointed out ways in which Terrell's guidelines range might have understated Terrell's extensive and violent criminal record. That record, as noted above, included 19 offenses for which Terrell "got zero criminal history points." Thus, considering the record as a whole, the court did not abuse its discretion by refusing to impose a below-guidelines sentence.

Terrell next argues that the district court should have placed greater weight on his mental-health problems and troubled childhood. That argument amounts simply to "an assertion that the district court should have balanced the § 3553(a) factors differently" and is "beyond the scope of our appellate review." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quotation omitted).

The district court's judgment is affirmed.