NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0049n.06

No. 25-1298

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 26, 2026
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| JEFFREY SCOTT MUNRO, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: CLAY, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Jeffrey Munro pled guilty to conspiracy to distribute, and possession with intent to distribute, 50 grams or more of methamphetamine. He now argues that his sentence—92 months in prison and a $1,500 fine—was substantively unreasonable. We disagree and affirm.

I.

In 2021, federal and Michigan investigators learned that Curtis St. Andre was supplying residents of Marquette County, Michigan, with methamphetamine by the pound. Over the next year, the investigators identified Jacquelyn Dunn and Jeffrey Munro as two of St. Andre's buyers. In February 2023, the investigators stopped Dunn's car. A police dog smelled drugs, and a search of the car revealed nearly two pounds of methamphetamine. The investigators then obtained a search warrant for Dunn's cellphone, where they found over 400 messages between her and Munro.

The messages concerned buying and selling drugs. At least twice, the messages revealed (and Dunn later confirmed) that Dunn had accompanied St. Andre to Munro's house, where St. Andre sold Munro between eight and thirteen pounds of methamphetamine each time. In May 2023, investigators executed a search warrant at Munro's house, where they found nearly two pounds of methamphetamine, digital scales with methamphetamine residue, some heroin, and some methamphetamine mixed with fentanyl. Munro was arrested on state charges, released, and later rearrested on federal charges. Meanwhile, federal authorities also arrested St. Andre, who admitted he had provided Munro with up to 15 pounds of methamphetamine in a single sale.

A grand jury indicted St. Andre, Dunn, and Munro for conspiracy to distribute—and Munro for possession with intent to distribute—50 grams or more of methamphetamine. 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(viii), 846. All three pled guilty. Munro's base offense level under the sentencing guidelines was 34. U.S.S.G. § 2D1.1(a)(5), (c)(3) (2024). Munro received two reductions for acceptance of responsibility, which made his total offense level 31 and yielded a guideline range of 121 to 151 months. *Id.* § 3E1.1(a)-(b).

At sentencing, the district court awarded Munro a reduction for cooperating with the government's investigation of the conspiracy, which lowered his offense level to 28 and his guideline range to 87 to 108 months. *See id.* § 5K1.1. The court then considered the statutory sentencing factors. *See* 18 U.S.C. § 3553(a); *id.* § 3572(a). Ultimately, the court imposed a sentence of 92 months in prison. Munro could not afford to pay a fine in the guideline range of $30,000 to $5,000,000, so the court imposed a fine of $1,500. *See* U.S.S.G. § 5E1.2(c)(3)-(4) (2024); 21 U.S.C. § 841(b)(1)(B)(viii). This appeal followed.

II.

We review the reasonableness of Munro's sentence for an abuse of discretion. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

Munro argues that his sentence was substantively unreasonable. A sentence is substantively unreasonable when the district court puts "too much weight" on some § 3553(a) factors and "too little on others." *Id.* We presume that Munro's sentence was reasonable, given that it was within (indeed, near the bottom of) his guideline range. *See United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

Munro contends that the district court put too much weight on the quantity of methamphetamine that he purchased from St. Andre. This number, Munro reasons, had already largely determined his base offense level and guideline range; for the court to have cited it again when selecting a sentence within the guideline range, he says, was "essentially double-counting." Appellant Br. 9. But the district court was required to consider "the nature and circumstances of the offense," as well as its "seriousness," when the court chose Munro's sentence. 18 U.S.C. § 3553(a)(1)-(2). And for a drug offense its seriousness depends in part on the quantity of drugs sold or possessed. *Cf. United States v. Tristan-Madrigal*, 601 F.3d 629, 636 n.1 (6th Cir. 2010). The court here did not err by complying with its statutory mandate.

Munro next argues that the district court put too much weight on his "lengthy list of prior convictions." Appellant Br. 9. Specifically, Munro says, the court did not "explicitly acknowledg[e] that the vast majority of his prior convictions could be attributed to his struggles with addiction." *Id.* at 10. But the court thoroughly reviewed Munro's criminal history, which comprised more than simple-possession convictions. And the court acknowledged Munro's "addiction issues." Sentencing Hearing Transcript, R. 184, PageID 719. But the court also

recognized that, as an addict, Munro was aware of the harm his distribution crimes caused to others. And the court expressly rejected the probation officer's recommendation to "depart upward because of [Munro's] criminal history." *Id.* at 722. Hence the court did not abuse its discretion on this point either.

Next, Munro contends that his sentence of 92 months in prison was substantively unreasonable because the district court failed to provide "adequate reasoning" for its sentence. Appellant Br. 11. Such an argument sounds in procedural reasonableness. *United States v. Brooks*, 628 F.3d 791, 795–96 (6th Cir. 2011). But Munro failed to object on this ground even when the district court solicited his objections, so we review the court's stated reasoning for plain error. *See Vonner*, 516 F.3d at 385–86. Suffice it to say that we find no error, let alone plain error, in the court's careful explanation of the sentence.

Finally, Munro argues that the court abused its discretion by imposing a $1,500 fine, given that he is "dirt-poor." Appellant Br. 14. But that fine was a small fraction of the lower end of Munro's guideline range for the fine. *See* U.S.S.G. § 5E1.2(c)(3)-(4) (2024); 21 U.S.C. § 841(b)(1)(B)(viii). Munro counters that there was "no loss caused by [his] offense." Appellant Br. 18. The court did not abuse its discretion in thinking otherwise, given that—in every relevant sense—drug distribution is hardly free.

The district court's judgment is affirmed.