NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0316n.06

No. 10-4436

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Mar 22, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MARK R. SCHIMLEY, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

BEFORE: KEITH, MARTIN, and BOGGS, Circuit Judges.

PER CURIAM. In 2008, Schimley was charged with receiving and distributing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2), and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Schimley moved to suppress the evidence against him and for an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). Schimley alleged that the affidavit supporting a warrant to search his home contained materially false and unreliable information. The district court denied the motions, concluding that any false statements in the affidavit were not made recklessly or intentionally, and that such statements were not material to a finding of probable cause. The court denied Schimley's subsequent motion for reconsideration.

In 2010, pursuant to a conditional plea agreement, Schimley pled guilty to the two charges. The district court determined that Schimley's base offense level was twenty-two. The court added two levels because the pornographic material involved minors under the age of twelve, five levels because Schimley distributed the pornography for profit, four levels because the material portrayed

sadistic or masochistic conduct, two levels because the crimes were committed using a computer, and five levels based on the number of images. The court subtracted three levels for acceptance of responsibility, resulting in a total offense level of thirty-seven. Based on this total offense level and a criminal history category of I, the district court determined that Schimley's advisory sentencing guidelines range was seventeen years and six months to twenty years of imprisonment for the receiving and distributing charge and ten years of imprisonment for the possession charge. The district court sentenced Schimley to concurrent terms of seventeen years and six months' imprisonment and ten years' imprisonment.

On appeal, Schimley argues that the district court erred by denying his request for a *Franks* hearing and that his sentence was both procedurally and substantively unreasonable. "We review the district court's denial of a *Franks* hearing under the same standard as for the denial of a motion to suppress: the district court's factual findings are reviewed for clear error and its conclusions of law are reviewed de novo." *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001). A defendant is entitled to a *Franks* hearing "if he makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and the allegedly false statement is necessary to the finding of probable cause." *Id.* (alterations, citation, and internal quotation marks omitted).

Special Agent Joseph Russ provided an affidavit in support of the search warrant. The affidavit set forth the following facts. On February 13, 2007, Trooper Robert Erdely, using an internet-connected computer, launched a file-sharing program and conducted a keyword search using a specific term known to be the name of a child-pornography video. Erdely downloaded a movie file depicting child pornography from a user later identified as Schimley. The downloaded file had the specific name that Erdely used in his keyword search. Erdely used the "SHA-1 hash value," which is a unique signature or fingerprint for a file, to verify that the child-pornography video he had downloaded was the same file being shared by Schimley.

Schimley asserted, and the government conceded, that there were two false statements in the affidavit: (1) Erdely did not perform a keyword search using the name of the known child

pornography movie file; and (2) the file that Erdely downloaded from Schimley's computer did not bear the same name as the known child-pornography movie file. In its response to Schimley's motion for a *Franks* hearing, the government explained the false statements as follows. Erdely maintains a computerized text file with the names and SHA-1 hash values of child pornography images recovered from other investigations. He conducts a keyword search with the file-sharing program using a term commonly associated with child pornography. When Erdely downloads a file with the same SHA-1 hash value as a file stored in his text file, the file is automatically assigned the name used in the text file. Russ misinterpreted Erdely's report and stated in the affidavit that Erdely had conducted a search using a particular file name and downloaded a file of the same name from Schimley. In fact, Erdely had conducted a search using a general term and the file-sharing program renamed the file that he downloaded from Schimley because the SHA-1 hash value of Schimley's file matched the value of a known child-pornography video in the text file. The government further noted that the child-pornography movie file that Erdely downloaded from Schimley was found on Schimley's computer, albeit under a different name than the name referenced in Russ's affidavit.

The district court properly denied Schimley's request for a *Franks* hearing. The district court did not make clearly erroneous factual findings, and we agree that Schimley failed to make a substantial preliminary showing that Russ knowingly or recklessly included false statements in the warrant affidavit. *See id*. The false statements were not necessary to establish probable cause because the affidavit otherwise established that Erdely downloaded a file from Schimley, that the file contained child pornography, and that Erdely used the SHA-1 hash values to verify that the file he downloaded was the same file found on Schimley's computer.

Schimley next argues that his sentence is procedurally and substantively unreasonable. He asserts that the sentence is procedurally unreasonable because the district court failed to consider all of the sentencing factors under 18 U.S.C. § 3553(a) and failed to adequately explain its decision to reject Schimley's arguments for a below-guidelines sentence. Schimley argues that his sentence is substantively unreasonable because: (1) the district court put undue emphasis on the nature of his offenses and his history and characteristics; (2) the sentence was greater than necessary to comply

with the sentencing purposes set forth in section 3553(a); and (3) several of the offense-level enhancements erroneously increased his sentencing range.

"A district court's sentencing determination is reviewed under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component." *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009) (citation and internal quotation marks omitted). To determine whether a sentence is procedurally reasonable, this court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (alterations, citation, and internal quotation marks omitted). We apply a rebuttable presumption of reasonableness to a within-guidelines sentence. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Schimley's sentence is procedurally reasonable. The district court correctly calculated the guidelines range and recognized the advisory nature of the guidelines. Before imposing its sentence, the court discussed several pertinent sentencing factors under section 3553(a). The district court noted the significant number of images and movie files involved in the crimes. The court further noted the fact that the circumstances tended to contradict Schimley's claim that he was not interested in viewing the pornography himself, but downloaded the material only to sell to another individual. The court considered the types of sentences that were available, and recognized the need to impose a punishment that would protect potential child victims and to emphasize to society the significance of child pornography offenses. The district court also discussed Schimley's lack of criminal history, his substance abuse problems, his abusive childhood, his education, his job skills, and his conversion to Buddhism. Given the district court's extensive discussion of the pertinent sentencing factors and

its reliance on the sentencing guidelines range, the district court set forth a sufficient basis for imposing its chosen sentence and for rejecting Schimley's arguments for a below-guidelines sentence. *See United States v. Duane*, 533 F.3d 441, 451-52 (6th Cir. 2008). The district court was not required to explicitly consider each of the section 3553(a) factors, *see id.* at 452, nor was it required to delve into the history of the child-pornography guidelines to determine their applicability. *See United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011), *cert. denied*, 131 S. Ct. 3077 (2011).

Schimley's sentence is also substantively reasonable. Although the district court engaged in a lengthy discussion of the nature of Schimley's crimes and his history and characteristics, the record does not support Schimley's assertion that the court gave an unreasonable amount of weight to these factors in formulating its sentence. Further, the district court's application of the offense-level enhancements and its decision to adhere to the advisory sentencing guidelines range did not result in a sentence that was greater than necessary to comply with the sentencing goals set forth in section 3553(a).

We affirm the district court's judgment.