NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0424n.06

No. 12-5924

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Apr 26, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| JOSE ELIGIO PINEDA-PARADA, aka | ) | |
| Alfredo Gallardo-Parada, aka Marlon | ) | |
| Quinones-Bonilla, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  MARTIN and SUTTON, Circuit Judges; ADAMS, District Judge.[*]

PER CURIAM.  Jose Eligio Pineda-Parada appeals his ninety-two month sentence for illegal reentry into the United States.  Because Pineda-Parada's sentence is procedurally and substantively reasonable, we affirm the district court's judgment.

After a one-day trial, a jury convicted Pineda-Parada, a native and citizen of El Salvador, of illegal reentry by an alien who had been deported from the United States subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2).  Pineda-Parada's presentence report set forth an advisory sentencing guidelines range of ninety-two to 115 months of imprisonment, after a sixteen-level enhancement for his 1991 conviction for aggravated assault pursuant to USSG

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

§ 2L1.2(b)(1)(A). Pineda-Parada did not object to the sentencing guidelines calculation, but filed a sentencing memorandum requesting a sentence below that range pursuant to 18 U.S.C. § 3553(a). Pineda-Parada urged the district court to consider the age of his aggravated assault conviction, the social and economic conditions from which he fled El Salvador, and his alcoholism, which led to his many arrests for alcohol-related offenses. Pineda-Parada further argued that the sentencing guidelines range overrepresented his criminal history, citing the staleness of his aggravated assault conviction and his lack of additional violent offenses. He also asserted that the sixteen-level enhancement pursuant to § 2L1.2(b)(1)(A) was unreasonable. At sentencing, the district court rejected Pineda-Parada's request for a below-guidelines sentence and sentenced him to ninety-two months of imprisonment.

In this timely appeal, Pineda-Parada contends that his sentence is procedurally and substantively unreasonable. We review criminal sentences for procedural and substantive reasonableness "under the deferential abuse-of-discretion standard." *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010).

We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Pineda-Parada argues that his sentence is procedurally unreasonable because the district court failed to address all of his arguments for a below-guidelines sentence and failed to fully address all of the § 3553(a) factors. Because Pineda-Parada failed to challenge the adequacy of the district

court's explanation for his sentence when he had the opportunity to do so, we review his argument

for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

The district court expressly considered Pineda-Parada's staleness argument, noting that his

aggravated assault conviction "is quite old." The district court also acknowledged a case cited by

Pineda-Parada as questioning the sixteen-level enhancement under § 2L1.2(b)(1)(A) by stating that

the judge in that case "has a distinctly different view of the guidelines than I do." After listing the

relevant § 3553(a) factors, the district court stated:

> I look at the defendant's history, and I see that in Del Rio, Texas, back in . . . 2001, he reentered the United States after being deported for an aggravated felony and received a sentence of forty-six months.
>
> That . . . should have given the defendant a fair warning that a reentry again . . . would be dealt with severely.
>
> The – but after – after being deported, the defendant comes back into the country.
>
> Not only does he come back into the country, he has been charged and convicted of drinking in a public place, operating a motor vehicle under the influence of drugs or alcohol, solicitation of prostitution, another operating the vehicle under the influence of drugs or alcohol and then again relatively minor thing of no registration plates.
>
> He only knew what he was facing when he came back in, but he ended up getting involved with the law again.
>
> So I have to think about promoting respect for the law and to provide just punishment for the offense while to defer [sic] criminal conduct and with all these driving offenses to protect the public from – from the defendant.
>
> In sum, I believe a sentence at the bottom end of the guidelines will be sufficient but not greater than necessary to comply with the purposes of Section 3553A.

By discussing Pineda-Parada's prior reentry conviction and his criminal offenses subsequent

to that conviction, the district court addressed his arguments regarding the overrepresentation of his

criminal history "and rejected the merits of those arguments by logical implication." *United States v. Chiolo*, 643 F.3d 177, 184 (6th Cir. 2011). Where, as here, the district court "addressed the relevant factors in reaching its conclusion, the court need not explicitly consider each of the § 3553(a) factors or engage in a rote listing or some other ritualistic incantation of the factors." *United States v. Kirchhof*, 505 F.3d 409, 413 (6th Cir. 2007). The district court committed no procedural error, plain or otherwise, in explaining the chosen sentence.

A procedurally reasonable sentence "may be substantively unreasonable if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011). We afford Pineda-Parada's within-guidelines sentence a rebuttable presumption of substantive reasonableness. *Id.*

Pineda-Parada contends that his sentence is substantively unreasonable because the district court imposed a sentence within the sentencing guidelines range without allowing for the age of his aggravated assault conviction. In the cases cited by Pineda-Parada, *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1056 (9th Cir. 2009), and *United States v. Chavez-Suarez*, 597 F.3d 1137, 1138–39 (10th Cir. 2010), the Ninth and Tenth Circuits held that the staleness of an underlying conviction may, under certain circumstances, warrant a below-guidelines sentence. As the district court specifically noted, Pineda-Parada's aggravated assault conviction "is quite old," but the conviction is not so old that it did not receive criminal history points. *See* USSG § 4A1.2(e)(1). Since Pineda-Parada's aggravated assault conviction, he has been deported four times; convicted of illegal reentry and sentenced to 46 months of imprisonment; and convicted of several other criminal

-4-

offenses.  Under these circumstances, the district court did not abuse its discretion in imposing a within-guidelines sentence.

Pineda-Parada further argues that the district court abused its discretion in failing to account for unwarranted sentencing discrepancies in illegal reentry cases among various federal districts. Pineda-Parada concedes that the 2002 article cited in support of this argument attributes the discrepancy, in part, to "fast track" programs, which were not available to him because he did not plead guilty.  In any event, we have held that avoiding unwarranted sentence disparities is an "unconventional ground for challenging a *within-guidelines* sentence," such as Pineda-Parada's ninety-two month sentence, because "[t]he point of the guidelines is to decrease sentencing disparities, an objective *furthered* by a within-guidelines sentence, as opposed to a sentence that varies above or below the advisory guidelines range." *United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011) (emphasis in original).

Finally, Pineda-Parada contends that the sixteen-level enhancement under § 2L1.2(b)(1)(A) is itself unreasonable, not only for failing to consider the staleness of a defendant's predicate conviction, but also for requiring such a severe enhancement in the absence of any empirical evidence that such an enhancement serves § 3553's sentencing goals.  Although the district court could reject the sentencing guidelines range based on a policy disagreement with the sixteen-level enhancement, "the fact that a district court *may* disagree with a Guideline for policy reasons and *may* reject the Guidelines range because of that disagreement does not mean that the court *must* disagree with that Guideline or that it *must* reject the Guidelines range if it disagrees." *Brooks*, 628 F.3d at

800 (emphasis in original). Pineda-Parada has failed to overcome the presumption of substantive

reasonableness of his within-guidelines sentence.

For the foregoing reasons, the district court's judgment is affirmed.