CLAY, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority’s decision to affirm the Guidelines range employed by the district court in sentencing Koljo Nikolovski (“Defendant”) to 120 months for *405 bank fraud and bribery and 96 months for money laundering. However, I dissent from the majority’s view that the appeal waiver did not foreclose Defendant’s challenge to the base offense level utilized by the district court and the view that the trial judge may have mistakenly imposed consecutive sentences rather than doing so intentionally or without providing a sufficient explanation.
BACKGROUND
In February 2003, Defendant recruited several co-defendants to fraudulently obtain loans from St. Paul Croatian Federal Credit Union (“St.Paul”) in Eastlake, Ohio, for deposit in the bank accounts of either Defendant or his wife, co-defendant Rose Nikolovski. A federal grand jury, on March 2, 2011, returned an indictment charging Defendant with bank fraud, in violation of 18 U.S.C. § 1344, giving commissions or gifts for procuring bank loans (bank bribery), in violation of 18 U.S.C. § 215(a)(1), and engaging in monetary transactions in property derived from specified unlawful activity (money laundering), in violation of 18 U.S.C. § 1957. Defendant initially pleaded not guilty and indicated he intended to contest these charges at trial; however, he eventually agreed to forego trial and plead guilty to bank fraud, bribery, and money laundering pursuant to a Rule 11 plea agreement.
In the plea agreement, Defendant partially waived his right to appeal the sentence imposed by the district court: “Defendant also agrees not to appeal or otherwise challenge collaterally an adverse ruling by the Court on the enhancement for Role in the Offense and/or Receiving more than $1 million from a financial institution....” Aside from those two explicit exceptions, Defendant “reserve[d] the right to appeal ... any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court....” Thus, if Defendant’s sentence exceeded the sentencing range under the Guidelines, then Defendant reserved the right to appeal the sentence with two explicit exceptions: he could not appeal the enhancements for his role in the offense or for receiving more than $1 million from a financial institution.
The Probation Office then generated the Presentence Report (“PSR”), which provided an initial Guideline calculation of 108 months. The PSR began the calculation by noting that the offenses of conviction here (bank fraud, bank bribery, and money laundering) are grouped together as one offense pursuant to U.S.S.G. § 3D1.2. Grouping the offenses “prevent[s] multiple punishment for substantially identical offense conduct....” In essence, counts that are grouped together are treated as constituting a single offense for purposes of the guidelines. U.S.S.G. Ch. 3 Pt. D Intro. Comm. Defendant’s convictions for bank fraud, bank bribery, and money laundering are grouped because “the offense level is determined largely on the basis of the total amount of harm or loss.... ” U.S.S.G. § 3D1.2.
The PSR determined the offense-level calculation in the money-laundering offense to be 7 based on the underlying bank-fraud offense. That level was increased by 18 levels for the amount of loss ($5.88 million), 2 levels because Defendant received more than $1 million from a financial institution, 1 level because he was convicted of money laundering, and 4 levels because of his role in the offense — not his role in the money laundering, but his role as a purported organizer or leader in *406 the bank fraud. The PSR did not reduce the offense level for acceptance of responsibility. Thus, the PSR calculated a total offense level of 32. The PSR’s suggested offense level of 32 is the same as the offense level recommended in the plea agreement to the court by Defendant and the government.
At the sentencing hearing, the district court ultimately concluded that the offense level of 32 stated in the PSR was correct, except that Defendant was entitled to a three point reduction for acceptance of responsibility, resulting in a total offense level of 29. The parties acknowledged at oral argument that neither the PSR nor the district court specifically addressed the Guidelines’ recommendation for concurrent sentences for grouped offenses. A district court has a duty to first address the Guidelines’ recommendation for concurrent or consecutive sentences before considering § 3553(a) factors.
After determining that Defendant’s Guidelines range was set at 87-108 months, the district court then turned to the § 3553(a) factors to impose Defendant’s sentence. The court discussed the factors, including some of Defendant’s history and characteristics (including the fact that he had threatened people), the offenses at issue, and the need for proper punishment. The court noted that “we have some positive factors here and many negative ones.” The court described Defendant as a lying thief who bullied people and spent money lavishly on himself. The district court then sentenced Defendant to 120 months for the bank fraud and bribery convictions and 96 months for the money laundering conviction, stating that it had “decided to upward vary in this case based upon all the aggravating factors that [it had] gone over and rejecting the proposed range in the plea agreement....”
In addition to the upward variance in the length of Defendant’s sentence, the district court ultimately decided that the sentences should run consecutively, resulting in a total term of incarceration of 216 months, followed by three years of supervised release on all counts, and ordered Defendant to pay $5,881,250 in restitution and an $1,800 special assessment. After the district court asked whether Defendant objected to the sentence, Defendant stated that he did. Defendant filed a timely notice of appeal on May 21, 2012.
DISCUSSION

Standard of Review

“This Court reviews the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement de novo. ” United States v. Swanberg, 370 F.3d 622, 626 (6th Cir.2004) (quoting United States v. Smith, 344 F.3d 479, 483 (6th Cir.2003)). We review a district court’s sentencing determination for reasonableness under a deferential abuse of discretion standard. United States v. Bolds, 511 F.3d 568, 578 (6th Cir.2007). This reasonableness review involves two steps: (1) procedural and (2) substantive. Id. First, we evaluate the procedural reasonableness to “ensure that the district court did not commit significant procedural error such as: failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.” Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Next, we assess the substantive reasonableness of a sentence. As “[t]he essence of a substantive reasonableness claim is whether the length of the sentence is greater than necessary to achieve the sentencing goals set *407 forth in 18 U.S.C. § 3553(a),” a sentence will be found substantively unreasonable if “the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.” United States v. Corp, 668 F.3d 379, 386 (6th Cir.2012) (internal quotation marks omitted). In performing this two-step review, “[t]he district court’s interpretation of the advisory Guidelines is reviewed de novo, and its findings of fact are reviewed for clear error.” United States v. Brown, 579 F.3d 672, 677 (6th Cir.2009).
I. Defendant waived right to challenge the Guidelines Range
When reviewing a sentence for procedural reasonableness, “we must ensure that the district court ‘correctly calculatefd] the applicable Guidelines range’ ” because it is “ ‘the starting point and initial benchmark’ of its sentencing analysis.” Bolds, 511 F.3d at 579 (quoting Gall, 552 U.S. at 49, 128 S.Ct. 586). In this case, Defendant argues that the district court employed an incorrect Guideline range in determining his sentencing range.
Defendant argues that the district court made a mistake in calculating the highest offense level with which he could have been charged. The district court found that the highest offense level among the three possible offenses Defendant was charged with was an offense level of 29. That offense level carried a sentencing range of 87-108 months. Defendant argues that the highest offense level should have been at an offense level 28, which would have carried a sentencing range of 78-97 months. He argues that the district court improperly used a base level of 7 instead of 6 when calculating the money laundering count and also added 4 points instead of 2 to the money laundering offense level when it found Defendant to be an organizer or leader in a money laundering scheme that involved five or more participants. Without these three extra points (7 instead of 6 for base level and 4 instead of 2 for role in money-laundering offense), Defendant argues that bank fraud instead of money laundering would have been the offense with the highest offense level and would thus have made the sentencing range 78-97 months instead of 87-108 months.
Defendant signed a valid plea agreement in which he agreed to only appeal if the sentence handed out by the district court “exceeds the maximum of the sentencing range determined ... in accordance with ... this agreement!.]” (R. 119, Plea Agreement, at 597.) This provision can be read in one of two ways. First, Defendant could have agreed not to appeal the sentence unless it exceeded 108 months, the top of the calculated range agreed to by Defendant in the plea agreement. This reading would permit us to consider Defendant’s challenges to the calculation of the 29-point offense level. Because Defendant explicitly waived his right to challenge the role-in-the-offense enhancement, the only remaining challenge to the calculation would be whether the district court used an incorrect base offense level when it used a base offense level of 7.
Alternatively, Defendant may have agreed to only appeal sentences that varied upward from the statutory maximum of 108 months according to the court’s consideration of the § 3553(a) factors. This reading would bar Defendant from challenging the base offense level used by the district court in calculating his sentencing range because had the district court decided not to vary upward the sentence from 108 to 120 months, Defendant would have had no right to appeal since his sentence would not have “exceed[ed] the *408 maximum of the sentencing range determined” in the plea agreement. Defendant would thus be limited to only appeals of the 120-month substantive sentence, the imposition of consecutive sentences, and the substantive reasonableness of the entire sentence.
Because Defendant signed a valid plea agreement stipulating to the offense levels in question, the second reading is more likely. The parties’ stipulated Guidelines computation in the plea agreement included a base offense level of 7 for fraud under U.S.S.G. § 2B1.1(a)(1). (R. 119, Plea Agreement, at 595.) Having asserted below that the proper base offense level was 7, Defendant is precluded on appeal from claiming that the base offense level was an error. United States v. Demmler, 655 F.3d 451, 458-59 (6th Cir.2011). Based on several upward adjustments, the parties further acknowledged that an offense level of 32, before a three-level reduction for acceptance of responsibility, “represented the correct computation of the applicable offense level.” (R. 119, Plea Agreement, at 595.) This is what resulted in the district court finding an offense level of 29 and recommending a sentencing range between 87 and 108 months.
Despite specifically waiving the right to challenge the district court’s sentencing enhancements for Defendant’s role as an organizer or leader and receiving more than $1 million from a financial institution, Defendant challenges the district court’s Guidelines calculations. As this Court has explained, however, “[c]riminal defendants may waive their right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily.” Swanberg, 370 F.3d at 625 (citing United States v. Fleming, 239 F.3d 761, 763-64 (6th Cir.2001)).
Defendant in the plea agreement agreed not to appeal a sentence of 108 months or less, which corresponds to the applicable range for a total offense level of 29. Defendant acknowledged that the agreement constituted “the entire agreement between Defendant and the [government.]” (R. 119, Plea Agreement, at 605.) Before pleading guilty, Defendant confirmed that he had sufficient time to discuss the plea agreement with his attorney, that he understood and agreed to the plea agreement’s terms and had no questions about the agreement.
Under this Court’s Demmler decision, Defendant cannot challenge the base offense level of 7 because he agreed that the base offense level 7 was correct. 655 F.3d at 458-59. At sentencing, the district court applied the stipulated offense level of 29 and the correct sentencing range of 87-108 months. Thus, while Defendant may challenge the extent to which his sentence exceeds the Guidelines range, as preserved under the plea agreement, he cannot challenge the district court’s underlying Guidelines calculations, including the base offense level to which Defendant specifically agreed below.
II. Defendant’s sentencing proceedings
The district court sentenced Defendant to sentences of 120 months for bank fraud and bribery as well 96 months for money laundering, to be served consecutively, for a total of 216 months. (Pl.’s Br. at 3.) The 120 months for bank fraud are above the suggested sentencing range of 87-108 months. When analyzing a district court sentence above the suggested sentencing range, it is important to note that the relevant policy statement in the Guidelines provides for an upward departure under certain factors. United States v. Johnson, 640 F.3d 195, 202 (6th Cir.2011).
In reviewing the district court’s application of the § 3553(a) factors, “there is no requirement ... that the district court *409 engage in a ritualistic incantation to establish consideration of a legal issue,” or that it “make specific findings related to each of the factors considered.” Bolds, 511 F.3d at 580 (internal quotation marks omitted). However, in order for a sentence exceeding the suggested range to be reasonable, “the record must contain the district court’s rationale for concluding that the ‘sentence imposed is sufficient but not greater than necessary, to comply with the purposes’ of sentencing set forth in 18 U.S.C. § 3553(a).” Id. The district court must provide an “articulation of the reasons [why it] reached the sentence ultimately imposed.” United States v. Jackson, 408 F.3d 301, 305 (6th Cir.2005).
Defendant argues that the district court did not sufficiently explain its reasons for imposing consecutive sentences. However, the district court’s remarks, viewed in context, indicate that the reasons for imposing consecutive sentences were the same as the court’s reasons for exceeding the guidelines. Immediately after pronouncing Defendant’s consecutive sentences, the court stated that it had “decided to upward vary in this case based upon all the aggravating factors that [it had] gone over and rejecting the proposed range in the plea agreement,” (R. 157, Sentencing Tr., at 865), referring to its extensive § 3553(a) discussion of aggravating factors. (R. 157, Sentencing Tr., at 859-64.) This statement made clear that the sentences constituted a variance from the Guidelines based on the court’s discussion of the § 3553(a) factors. These aggravating factors included the substantial damage to St. Paul’s members from Defendant’s crimes, the fact that, notwithstanding the absence of criminal history points, Defendant threatened co-defendants and engaged in a pattern of threatening behavior toward others, and the need for the sentence to provide adequate deterrence and protect the public. (R. 157, Sentencing Tr., at 859-64.) The upward variance from 108 months to 120 months for bank fraud as well as the imposition of consecutive sentences do not constitute an abuse of discretion in light of the court’s lengthy discussion of the § 3553(a) factors.
Although Defendant may have preferred a separate or more detailed discussion regarding the court’s decision to impose consecutive sentences, the court was not required to provide it. How much a district court says in explaining a sentence is a discretionary matter committed to the court’s professional judgment. Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); United States v. Brooks, 628 F.3d 791, 796 (6th Cir.2011); United States v. Lanning, 633 F.3d 469, 474 (6th Cir.2011). This Court has “never held that a district court is required to repeat a § 3553(a) analysis in its consideration of the consecutive or concurrent nature of a sentence when the same reasons for rejecting a downward variance also support the decision for a consecutive sentence.” United States v. Cochrane, 702 F.3d 334, 346 (6th Cir.2012) (quoting United States v. Berry, 565 F.3d 332, 343 (6th Cir.2009)). As this Court has explained, “[requiring district courts to conduct a separate § 3553(a) analysis for the concurrent or consecutive nature of the sentence would be repetitious and unwarranted.” Id. Thus, while the district court was not required to state a “specific reason for a consecutive sentence,” Johnson, 640 F.3d at 208-09 (internal quotation marks omitted), it was nevertheless obliged to make “generally clear the rationale under which it has imposed the consecutive sentence.” United States v. Owens, 159 F.3d 221, 230 (6th Cir.1998). The district court need not state its rationale explicitly, but may incorporate it by reference. Berry, 565 F.3d at 342-13.
It would have been preferable for the district court to have been clearer in imposing consecutive sentences, but the dis *410 trict court’s remarks, viewed in context, indicate that the reasons for the consecutive sentences were the same as the court’s reasons for exceeding the guidelines. The district court explained why it sentenced Defendant to serve consecutive sentences when it stated that it had “decided to upward vary in this case based upon all the aggravating factors.” When the district court made that statement, it was referring to both the decision to sentence Defendant above the Guideline maximum sentence of 108 months as well as the reason the sentences should be served consecutively. The court also went to great lengths to explain the harm perpetrated by Defendant’s criminal behavior. As a result, the district court did not abuse its discretion in sentencing Defendant to consecutive sentences.
CONCLUSION
For the foregoing reasons, I would affirm Defendant’s sentence of 120 months for bank fraud and bribery and 96 months for money laundering to be served in consecutive terms.