NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0538n.06

No. 17-2399

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 26, 2018
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                      )
                                               )
          Plaintiff-Appellee,                  )
                                               )      ON APPEAL FROM THE UNITED
v.                                             )      STATES DISTRICT COURT FOR
                                               )      THE WESTERN DISTRICT OF
ANTHONY STEVEN YOUNG,                          )      MICHIGAN
                                               )
          Defendant-Appellant.                 )


BEFORE:  GRIFFIN and DONALD, Circuit Judges; BERTELSMAN, District Judge.[*]

PER CURIAM.  Anthony Steven Young appeals his 168-month sentence for a child pornography offense.  As set forth below, we **AFFIRM** Young's sentence.

A federal grand jury returned a two-count indictment charging Young with (1) distributing child pornography via the internet using a peer-to-peer file sharing program, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and (2) using a cellular telephone to access a website with intent to view images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  Pursuant to a written plea agreement, Young pleaded guilty to the access count.  The government agreed to move to dismiss the distribution count, which would have subjected Young to a fifteen-year mandatory minimum sentence because of his prior state conviction for possession of child sexually abusive material.  Notwithstanding the dismissal of the distribution count, Young agreed

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

that the district court could "consider the dismissed count in determining the applicable sentencing guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range."

Young's presentence report set forth a total offense level of 30 and a criminal history category of II, which corresponded to a guidelines range of 108 to 135 months and became 120 to 135 months due to the ten-year mandatory minimum sentence. Young objected to the two-level increase for use of a computer or interactive computer service pursuant to USSG § 2G2.2(b)(6), but made no other objections to the guidelines calculation.

After reviewing the presentence report, the district court provided the parties with notice of possible sentencing issues warranting an upward departure or variance from the guidelines range. The district court pointed out that the base offense level for Young's offense of conviction, accessing with intent to view images of child pornography, was 18, but that his relevant conduct involved receiving or distributing child pornography, which carried a base offense level of 22. The district court generally noted that "the overall offense conduct, including relevant conduct, appears hard to distinguish from the typical child pornography offense involving non-contact offenses, yet the provisional calculation of the guidelines reflects a comparatively low guideline range at 108-135 months (bumped to 120-135 months because of the statutory minimum of ten years)."

At sentencing, the district court overruled Young's objection to the enhancement for use of a computer and adopted the guidelines range set forth in the presentence report. After the parties addressed the sentencing issues raised in the district court's notice, the district court analyzed those issues and the sentencing factors under 18 U.S.C. § 3553(a). The district court noted that Young had used a peer-to-peer network to receive and distribute child pornography and had "demonstrated sophistication in his understanding of computers." Pointing out that the presentence report referenced 1200 images of child pornography shared by Young, the district

court remarked that he "knew that the kind of system he was using required him to give to get, to put it in crass terms. And he did. He gave a lot." The district court stated: "So all of that suggests to me a person who was in fact engaging in the kind of distribution that's typical in a child pornography case, and yet because of the structure of this Plea Agreement, the guideline range is lower than it would otherwise be for that because the starting point, the base level, was four levels down." The district court also noted Young's prior state conviction for similar conduct and his diagnosis of pedophilia, concluding that, "from a public safety point of view, a specific deterrence point of view, the guideline range is too low and doesn't capture all of those factors." The district court sentenced Young to 168 months of imprisonment, "what the low end of the guidelines would have been if he started at the base level 22 instead of 18."

This timely appeal followed. Young argues that his sentence is (1) substantively unreasonable because it is unreasonably long and (2) procedurally unreasonable because the child pornography guideline is flawed and categorically produces unreasonable sentences.

We review the substantive reasonableness of Young's sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51–52 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). In reviewing Young's above-guidelines sentence for substantive reasonableness, we "take into account the totality of the circumstances, including the extent of any variance from the

Guidelines range," but "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.[1]

Young first argues that the district court gave too much weight to his criminal history, asserting that the guidelines calculation already accounted for his prior state conviction. "However, we have rejected the argument that a sentence is substantively unreasonable because the § 3553(a) factors on which the district court relied to sentence the defendant outside the advisory Guidelines range were already reflected in the Guidelines calculation." *United States v. Rossi*, 422 F. App'x 425, 436 (6th Cir. 2011) (citing *Tristan-Madrigal*, 601 F.3d at 636 n.1).

Young also claims that the district court disregarded his amenability to treatment. The district court recognized treatment as an important issue, recommending to the Bureau of Prisons that Young receive mental health and sex offender treatment.

Next, Young argues that the district court improperly considered relevant conduct—his distribution of child pornography. The base offense level under USSG § 2G2.2(a) is determined by the offense of conviction; therefore, the district court correctly assigned Young a base offense level of 18 based on his conviction for accessing with intent to view images of child pornography. The district court properly considered Young's relevant conduct, including his distribution of child pornography, in assessing the specific offense characteristics under USSG § 2G2.2(b) and the sentencing factors under 18 U.S.C. § 3553(a). *See* U.S. Sentencing Comm'n, *2012 Report to Congress: Federal Child Pornography Offenses* 32. Moreover, Young's plea agreement expressly provided for the district court's consideration of the dismissed distribution count in determining an appropriate sentence.

---

[1] In his reply brief, Young contends that the district court's reasons for imposing a sentence outside the guidelines range are subject to close scrutiny. But the "close scrutiny" standard cited by Young applies to a district court's decision to reject the applicable sentencing guideline and therefore does not apply here. *See United States v. Bistline*, 665 F.3d 758, 761 (6th Cir. 2012).

Young finally contends that the district court placed too much emphasis on specific deterrence given his low risk of reoffending. But Young was already a repeat offender. The district court reasonably determined that Young's prior state conviction for similar conduct and his diagnosis of pedophilia demonstrated a greater need to protect the public and to afford specific deterrence. Young's "argument ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently," which is beyond the scope of our review. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008).

Young has failed to demonstrate that the district court abused its discretion in imposing an above-guidelines sentence. Based on the totality of the circumstances, Young's 168-month sentence is substantively reasonable.

Young's challenge to the district court's reliance on the child pornography guideline is "akin to a procedural-reasonableness argument . . . because the argument addresses the procedure that the court should employ before determining a sentence." *United States v. Brooks*, 628 F.3d 791, 797 (6th Cir. 2011). Although he objected to the two-level increase for use of a computer, Young did not ask the district court to disregard the child pornography guideline on the basis that it produces unreasonably high sentences. Accordingly, we review for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

Young cannot show any error. "[T]he fact that a district court *may* disagree with a Guideline for policy reasons and *may* reject the Guidelines range because of that disagreement does not mean that the court *must* disagree with that Guideline or that it *must* reject the Guidelines range if it disagrees." *Brooks*, 628 F.3d at 800. We have repeatedly rejected Young's argument that sentencing courts should not rely on the child pornography guideline because it was created at the direction of Congress rather than developed by the sentencing commission using an

empirical approach.  *See United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012).  The district court reasonably relied on the child pornography guideline in fashioning Young's sentence.

For these reasons, we **AFFIRM** Young's sentence.