NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0070n.06
No. 21-1845

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JUAN CARLOS ARROYO aka John Gamez, | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

**FILED**
Feb 03, 2023
DEBORAH S. HUNT, Clerk

Before: SILER, BATCHELDER, and KETHLEDGE, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge.** Defendant-Appellant Juan Carlos Arroyo appeals his Guidelines-range sentence for receipt of child pornography. Arroyo argues that the district court substantively erred because it should have varied downward due to his background and the circumstances of his offense. Finding no error, we **AFFIRM**.

## I.    Background and Procedural History

### A. Background

Arroyo is a man with a difficult past, having suffered from several instances of sexual abuse throughout his childhood. But Arroyo also has a history of receiving, possessing, and distributing child pornography. In September 2019, police confiscated his cell phone and subsequently discovered child pornography on it. In May 2020, Michigan charged him with aggravated possession of child-sexual-abuse material and use of a computer to commit a crime. And on May

4, 2021, the federal government charged Arroyo with one count of receiving and one count of possessing child pornography in violation of 18 U.S.C. § 2252A.[1]

At the time of his arrest, Arroyo lived in his sister's basement. His sister has three children, including a two-year-old son, Arroyo's nephew. While living with his sister, Arroyo allegedly had graphic conversations with three other men about sexually abusing his nephew and offered his nephew for such purposes. He also possessed child pornography and offered access to or told others how to access it. The police recovered three images and five videos, which equates to 378 images. U.S.S.G. § 2G2.2(b)(7) cmt. n.6(B)(ii).

### B. Procedural History

Arroyo pleaded guilty to count one of the indictment: receipt of child pornography. Neither Arroyo nor the government objected to the Sentencing Guidelines calculations, which resulted in an offense level of 36, a criminal history category of I, and an imprisonment range of 188 to 235 months. Prior to sentencing, Arroyo asked the court for a downward variance from the Guidelines because of his background, lack of criminal history, and the failure of the Guidelines to account for "the reality of modern child-pornography offenses." The government opposed the motion.

At the sentencing hearing, the district court denied Arroyo's motion for a variance due to the totality of the circumstances and the seriousness of the offense. At the hearing, the court discussed the advisory nature of the Guidelines and noted that the court must "make an individualized assessment based on the facts presented." Although the court recognized that "there doesn't appear to be any hands-on involvement by Mr. Arroyo with a two-year-old child or any other child," the court's said its "alarm bells are up," that his conduct was "egregious," and that he

---

[1] The related Michigan charges were dropped after Arroyo was arrested for these federal crimes.

is "a significant threat to youngsters." The court viewed Arroyo as "a very dangerous individual" from whom the public needs protection. On the other hand, the court also acknowledged Arroyo's "very very difficult history" from "his own victimization at [a] younger age," which the court "calculated … into the sentence" it imposed. The court recognized that Arroyo had sought help for his mental health, but also that he waited to seek help until after law enforcement had discovered his misconduct. The court said that it had no "policy disagreements with the contours of the child pornography guidelines."

The court denied Arroyo's motion for a variance, stating that it believed a sentence in the middle of the Guidelines range was appropriate in light of all the 18 U.S.C. § 3553(a) factors, including promoting respect for the law, providing just punishment, deterring the defendant, and reflecting the seriousness of the offense. The court sentenced Arroyo to 204 months' imprisonment and eight years of supervised release. This timely appeal followed.

## II.    Legal Standard

This court reviews the reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015) (quotation marks omitted). When the defendant "raises a particular argument" for a lower sentence, "the record must reflect both that the district [court] considered the defendant's argument" and articulated its reasoning "sufficiently to permit reasonable appellate review." *Id.* at 352; *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006).

"A sentence is substantively reasonable if it is proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *Solano-Rosales*, 781 F.3d at 356 (quotation marks omitted). A sentence is substantively unreasonable when the court "selects the sentence arbitrarily, bas[es] the

sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *Id.* (quotation marks omitted); *United States v. Robinson*, 892 F.3d 209, 213 (6th Cir. 2018). The defendant bears the burden of rebutting the presumption that a sentence within the Guidelines range is substantively reasonable. *See United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015). This court does not generally second guess the substantive reasonableness of a Guidelines-range sentence. *United States v. Simmons*, 587 F.3d 348, 365 (6th Cir. 2009).

## III.    Discussion

On appeal, Arroyo argues that his sentence is substantively unreasonable for three reasons: (1) the district court gave an unreasonable amount of weight to his alleged dangerousness; (2) policy reasons support a lower sentence; and (3) the district court failed to consider the mitigating circumstances of his personal characteristics and background. We disagree.

First, the district court did not give an unreasonable amount of weight to Arroyo's dangerousness. Arroyo argues that, because he did not commit any "hands-on offenses," his sentence should be lower than those of similarly situated defendants who have committed "hands-on offenses." But the Guidelines do not require "hands-on" offenses for his Guidelines range. And the district court adequately explained its reasoning, including pointing out that Arroyo, in very graphic terms, repeatedly offered his two-year-old nephew for sexual abuse. The fact that the record did not establish that Arroyo ever followed through with these offers provides no reason to believe he would not follow through in the future. It was therefore not unreasonable for the district court, when determining what sentence to impose, to conclude that Arroyo poses a threat to children and the public.

Second, the district court did not err when it did not vary downward for policy reasons. Arroyo argues that the enhancements he received were meant for more serious offenders than non-production offenders like himself. The district court considered the policy and made it clear that it had no disagreement with the policy underlying the Guidelines. As an initial matter, the district court is not required to consider the policy reasons for the Guidelines range. *United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011). Although the court may reject the Guidelines range for policy reasons, the district court is not required to disagree with the Guidelines range, nor is it required to reject the Guidelines range even if it does disagree. *Id.* at 799-800; *United States v. Herrera-Zuniga*, 571 F.3d 568, 585-86 (6th Cir. 2009) (concluding that *Kimbrough v. United States*, 552 U.S. 85, 109-110 (2007) authorizes a district court to reject the Guidelines range because it disagrees with the policy behind it). If the court disagrees with the Guidelines based on the circumstances of the case, then, it may vary or depart up or down. Here, the district court did not disagree with the policy reasons for the Guidelines range, nor did it find any reasons to vary downward after considering the § 3553(a) factors. This was not unreasonable considering the circumstances of this case.

Finally, contrary to Arroyo's assertion, the court did consider Arroyo's mitigating circumstances. The court recognized Arroyo's difficult past and how at a young age he had been a victim of sexual abuse. The court also discussed Arroyo's history and counseling, expressing hope that Arroyo will benefit from counseling. The court discussed these factors and explicitly stated that it took all of this into consideration when determining what sentence to impose. Arroyo's disagreement with how much weight the court gave his history in sentencing him does not make it unreasonable.

Because the sentence is substantively reasonable, the court did not abuse its discretion when it denied Arroyo's motion for a variance.

## CONCLUSION

For the foregoing reasons, we **AFFIRM**.